United States District Court
Southern District of Texas
**ENTERED**
February 17, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **BMSH I KATY TX, LLC,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:22-CV-00218 |
| | § | |
| **SMITH SECKMAN REID, INC.,** | § | |
| | § | |
| Defendant. | § | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the January 6, 2026,[1] Report and Recommendation ("R&R") prepared by Magistrate Judge Dena Hanovice Palermo. (Dkt. No. 159). Judge Palermo made findings and conclusions and recommended that Smith Seckman Reid, Inc.'s ("SSR") Sealed Motion for Summary Judgment, (Dkt. No. 126), be granted in part, (Dkt. No. 159). Specifically, Judge Palermo recommended that BMSH I Katy TX, LLC's ("BMSH") claim for professional negligence be dismissed as time-barred. (Dkt. No. 159 at 54).

The Parties received proper notice and the opportunity to object to the R&R. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). On January 21, 2026, Defendant SSR filed eight objections. (Dkt. No. 161). First, SSR objects that the R&R erroneously overruled its objections to BMSH's summary-judgment evidence. (Dkt. No. 161 at 5–7). Second, SSR

---

[1] While the Report and Recommendation was signed on January 6, 2026, it was entered on January 7, 2026, and the Parties objections were due January 21, 2026. (*See* Dkt. No. 159).

argues that because BMSH, as Architect's assignee, failed to allege sufficient injury, BMSH's assigned claims for breach of contract, professional negligence, and fraud are barred. (*Id.* at 7–8). Third, SSR objects that the R&R should have granted summary judgment on SSR's affirmative defense of release. (*Id.* at 8–13). Fourth, SSR contends that the Texas anti-fracturing rule applies and that, because the gravamen of BMSH's claims sounds in professional negligence, BMSH's fraud claims fail as a matter of law. (*Id.* at 14–16). Fifth, SSR argues that the economic-loss rule applies and bars BMSH's direct professional-negligence and fraud claims. (*Id.* at 17–22). Sixth, SSR objects that the R&R fails to distinguish between BMSH's direct and assigned claims for fraudulent concealment. (*Id.* at 22). Seventh, SSR objects that the evidence is insufficient to support BMSH's fraudulent-inducement claim as a matter of law and that the R&R again fails to distinguish between BMSH's direct and assigned fraudulent-inducement claims. (*Id.* at 23–24). Eighth, SSR objects that BMSH waived the discovery rule and that comfort complaints are not inherently undiscoverable. (*Id.* at 24–27). On February 4, 2026, BMSH responded to SSR's objections. (Dkt. No. 162).

In accordance with 28 U.S.C. § 636(b)(1)(C), the Court is required to "make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection [has been] made." After conducting this de novo review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*; *see also* Fed. R. Civ. P. 72(b)(3).

The Court has carefully considered de novo those portions of the R&R to which objection was made, and reviewed the remaining proposed findings, conclusions, and recommendations for plain error.  Finding no error, the Court accepts the R&R and adopts it as the opinion of the Court.  It is therefore ordered that:

(1) Magistrate Judge Palermo's R&R, (Dkt. No. 159), is **ACCEPTED** and **ADOPTED** in its entirety as the holding of the Court; and

(2) SSR's Motion for Summary Judgment, (Dkt. No. 126), is **GRANTED in part**. BMSH's professional-negligence claim is **DISMISSED with prejudice**.

It is SO ORDERED.

Signed on February 13, 2026.

_____
**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**